IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARY JO STADE**, | Case No. 3:21-cv-1217-JR |
| Plaintiff, | **ORDER** |
| v. | |
| **OREGON DEPARTMENT OF HUMAN SERVICES, OREGON DEPARTMENT OF JUSTICE, MULTNOMAH COUNTY DISTRICT ATTORNEY, CHRISTINA SCHLICHTEN, and JOHN/JANE DOES**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation in this case on May 16, 2022. ECF 36. Judge Russo recommended that this Court grant Defendants' Motion to Dismiss. ECF 27. Judge Russo *sua sponte* appointed pro bono counsel for the limited purpose of providing a three-hour consultation to assist in the preparation of any motion for leave to amend the complaint. ECF 36, at 16.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

PAGE 1 – ORDER

§ 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

*Pro se* Plaintiff Mary Jo Stade (Stade) timely filed an objection, to which Defendants responded. Judge Russo found that Stade's claims were barred by the applicable statute of limitations and, additionally, that Stade had failed to allege sufficient facts to support her claim. Stade objects to the portion of Judge Russo's recommendation finding that Stade failed to state enough facts to state a claim, that the claims are barred by the statute of limitations, that Stade's constitutional rights were not violated, that Defendants were not negligent, and that Defendants did not cause Stade "intentionally inflicted emotional distress." ECF 40.

The Court notes that Judge Russo did not find that Stade's constitutional rights were not violated, that Defendants were not negligent, or that Defendants did not intentionally inflict

PAGE 2 – ORDER

emotional distress on Stade. Rather, Judge Russo held first that Stade had not *alleged sufficient facts* to support her constitutional claims. ECF 36, at 9 (regarding Stade's First Amendment claim), 12 (regarding Stade's Fourth Amendment claim). Judge Russo additionally found—notwithstanding the statute of limitations—that Stade's negligence claim appeared to be based on intentional misconduct, which does not support a claim for negligence under Oregon law. *Id.* at 13. Finally, Judge Russo found that Stade had not alleged facts that rise to the level of socially-intolerable behavior required to state a claim for intentional infliction of emotional distress under Oregon law. *Id.* at 15. The Court also notes that Judge Russo did not decline to apply the discovery rule regarding Stade's allegations that she did not have knowledge of her grandchildren's adoption until August 2019, but instead found that Stade did not allege sufficient facts about her relationship with her grandchildren after 2015 to support that her claims arose from the August 2019 adoption as opposed to Defendants' alleged earlier 2015 conduct. *See, e.g.*, *id.* at 5-7, 9-10, 15.

The Court has reviewed *de novo* those portions of Judge Russo's Findings and Recommendation to which Stade has objected, and Defendants' response. The Court agrees with Judge Russo.

The Court **ADOPTS** Judge Russo's Findings and Recommendation. ECF 36. The Court **GRANTS** Defendants' Motion to Dismiss. ECF 27.

**IT IS SO ORDERED.**

DATED this 28th day of July, 2022.

                                                   /s/ *Michael H. Simon*
                                                   Michael H. Simon
                                                   United States District Judge